IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,143




EX PARTE VENNETTA WASHINGTON 
                                    AKA BRANETTA SUE WASHINGTON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1178636 IN THE 232ND DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of assault on a public servant and sentenced to two years’ imprisonment. She did not appeal her
conviction.
            Applicant contends, inter alia, that her trial counsel rendered ineffective assistance because
he failed to investigate Applicant’s age to discover she was only fifteen years old at the time of her
offense and plea. We remanded this application to the trial court for findings of fact and conclusions
of law.
            Trial counsel filed an affidavit with the trial court. Based on that affidavit, as well as the
entirety of the record, the trial court determined that trial counsel was ineffective in that counsel
failed to discover Applicant was fifteen years old at the time of her offense and plea and that such
ineffective representation prejudiced Applicant. Applicant is entitled to relief. Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1984). We find, therefore, that Applicant is entitled to relief in
the judgment of conviction in Cause No. 1178636 from the 232nd Judicial District Court of Harris
County. 
            Relief is granted. The judgment in Cause No. 1178636 in the 232nd Judicial District Court
of Harris County is set aside, and Applicant is remanded to the custody of the sheriff of Harris 
County.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
 
Delivered: April 29, 2009
Do Not Publish